Garrett S. Garfield, WSBA No. 48375
E-mail:  garrett.garfield@hklaw.com
Trisha Thompson, WSBA No. 57443
E-mail: trisha.thompson@hklaw.com
HOLLAND & KNIGHT LLP
601 SW Second Avenue, Suite 1800
Portland, Oregon 97204
Telephone:  503.243.2300
Fax:  503.241.8014

Hon. Mary Jo Heston
Chapter 11
Hearing Date: June 11, 2021
Hearing Time: 10:00 a.m.
Hearing Location: Telephonic
Tel: 1-888-363-4749, Access Code
5635947, security code 3887
Response Date: June 7, 2021

*Attorneys for Plaintiff Cerner Middle East Limited*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re:<br><br>VANDEVCO LIMITED and ORLAND LTD.,<br><br>Debtors. | Case Nos:<br><br>20-42710-MJH (Lead Case)<br><br>20-42711-MJH (Jointly administered under Case No. 20-42710-MJH) |
| CERNER MIDDLE EAST LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>BELBADI ENTERPRISES, LLC and VANDEVCO LIMITED,<br><br>Defendants. | Adv. Proc. No. 20-04077-MJH<br><br>**DECLARATION OF GARRETT S. GARFIELD IN SUPPORT OF PLAINTIFF CERNER MIDDLE EAST LIMITED'S OPPOSITION TO DEFENDANT BELBADI ENTERPRISES, LLC's MOTION TO DISMISS FOR LACK OF JURISDICTION AND *FORUM NON CONVENIENS*** |

DECLARATION OF GARRETT S. GARFIELD IN SUPPORT
OF PLAINTIFF CERNER MIDDLE EAST LIMITED'S
OPPOSITION TO DEFENDANT BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS
ADV. PROC. NO. 20-04077-MJH – PAGE 1

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

I, Garrett S. Garfield, hereby declare, and state as follows:

1. I am an attorney with the law firm Holland & Knight LLP, counsel of record for plaintiff Cerner Middle East Limited ("**Cerner**"). I make this declaration in support of Cerner's Opposition to Defendant Belbadi Enterprises, LLC's Motion to Dismiss for Lack of Jurisdiction and *Forum Non Conveniens* (the "**Motion**"). I make this declaration based on my personal knowledge of the matters asserted and upon my review of relevant records.

## I.      The Oregon Litigation involving Cerner, Belbadi, and Orland

2. On July 20, 2016, Cerner filed an action against Defendant Belbadi Enterprises, LLC ("**Belbadi**") in the Circuit Court of Oregon for Multnomah County (the "**Oregon State Court**") to enforce two unconditional, irrevocable guarantees (together, the "**Guarantees**"). *Cerner Middle East Ltd. v. Belbadi Enters. LLC*, No. 16CV23150 (Or. Cir. Ct. Multnomah Cnty.) (the "**Oregon Litigation**").

3. On August 12, 2016, Belbadi removed the Oregon Litigation to the District Court for the District of Oregon (the "**District of Oregon**"). *Cerner Middle East Ltd. v. Belbadi Enters.*, No. 3:16-cv-01630-PK (D. Or.).

4. On September 19, 2016, Cerner filed an amended complaint in the Oregon Litigation in the District of Oregon, which, among other things, added Debtor Orland Limited ("**Orland**") as a defendant (the "**Orland Amended Complaint**").

5. On February 10, 2017, the District of Oregon granted Cerner's motion to remand the Oregon Litigation to the Oregon State Court.

6. On March 20, 2017, the Oregon State Court adopted the Amended Complaint as the operative complaint.

7. On April 28, 2017, Belbadi and Orland moved to dismiss the Amended Complaint for, *inter alia*, lack of personal jurisdiction over Belbadi and *forum non conveniens*.

DECLARATION OF GARRETT S. GARFIELD IN SUPPORT
OF PLAINTIFF CERNER MIDDLE EAST LIMITED'S
OPPOSITION TO DEFENDANT BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS
ADV. PROC. NO. 20-04077-MJH – PAGE 2

8. On May 26, 2017, Cerner opposed the motion, and in support of its opposition, submitted the Declaration of Haytham Alieh (the "**Alieh Declaration**"). A true and correct copy of the Alieh Declaration is attached as **Exhibit 1**.

9. On the same day, Cerner filed in support of its opposition the Declaration of Warren E. Gluck (the "**Gluck Declaration**"). A true and correct copy of the Gluck Declaration, together with selected exhibits, is attached as **Exhibit 2**.

10. On January 5, 2018, the Oregon State Court granted Belbadi and Orland's motion to dismiss the Orland Amended Complaint.

11. Cerner appealed the Oregon trial court's decision. On July 15, 2020, the Oregon Court of Appeals (the "**Oregon Appeals Court**") reversed (the "**Oregon Appeals Decision**"). *Cerner Middle East Ltd. v. Belbadi Enters. LLC, et ano.*, 472 P.3d 299 (Or. App. 2020), *rev. denied*, 475 P.3d 882 (Or. 2020). A true and correct copy of the Oregon Appeals Decision is attached as **Exhibit 3**.

12. The Oregon Appeals Court held that:

> [w]e have reviewed the record and agree with plaintiff that plaintiff's pleadings and affidavits have presented sufficient facts to make a *prima facie* case of *in personam* jurisdiction over Belbadi, based on a unity of identity of Orland and the Belbadi affiliates.

*Id.* at 304.

13. The Oregon Appeals Court further held that:

> As to evidence of Belbadi's control of Orland plaintiff alleges: [Elhindi, Al Badi's] close personal friend and business associate, is the CEO of Belbadi. Elhindi is also the president, vice-president, treasurer, secretary, and chairman of the board of directors of Vandevco, and is the president and secretary of Orland. Despite their separate corporate identities, Belbadi has held itself out as the owner of Vandevco. Belbadi's website listed

DECLARATION OF GARRETT S. GARFIELD IN SUPPORT OF PLAINTIFF CERNER MIDDLE EAST LIMITED'S OPPOSITION TO DEFENDANT BELBADI ENTERPRISES, LLC'S MOTION TO DISMISS ADV. PROC. NO. 20-04077-MJH – PAGE 3

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

Case 20-04077-MJH    Doc 51    Filed 06/07/21    Ent. 06/07/21 10:04:28    Pg. 3 of 14

'Vancouver Center, Vancouver, Oregon [*sic*],' among its existing real estate development projects. Correspondence with the City of Vancouver from Elhindi relating to the Vancouvercenter [*sic*] refer to the 'Belbadi Group' as 'owners and developers of Vancouvercenter [*sic*].' Finally, bank records show liberal transfers of funds to, from, and among [Al Badi]-owned affiliates, including Orland, and transfers disregarding corporate forms and formalities from affiliates to [Al Badi's] bank accounts and to friends and family members of [Al Badi] for non-business purposes. These allegations allow an inference that, despite their separate corporate forms, there is a unity and control of the Belbadi affiliates and [Al Badi].

*Id.* at 305.

14. The Oregon Appeals Court further held that:

The complaint also alleges facts from which the court could find improper conduct by and among Belbadi affiliates, including Orland, through the commingling of their business. For example, the wire transfers made without regard for corporate forms allow an inference of comingling … A factfinder could infer that the significant transfers to Orland from Belbadi and affiliates to [Al Badi] from Belbadi affiliates had no legitimate business purpose and were therefore improper.

*Id.* at 305-06.

15. Since the Oregon Appeals Court concluded that that "an Oregon court has *in personam* jurisdiction over Belbadi through Orland," the court did not address Cerner's argument that an Oregon court also has *quasi in rem* jurisdiction over Belbadi. *Id.* at 306.

///

///

///

DECLARATION OF GARRETT S. GARFIELD IN SUPPORT
OF PLAINTIFF CERNER MIDDLE EAST LIMITED'S
OPPOSITION TO DEFENDANT BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS
ADV. PROC. NO. 20-04077-MJH – PAGE 4

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

## II. Relevant History of the Washington Litigation

### A. 2016-2019: Cerner Files the Litigation and the Proceedings in Federal Court

16. On July 20, 2016, Cerner filed an action (the "**Litigation**") against Belbadi and Debtor Vandevco Limited ("**Vandevco**," and together, "**Defendants**") in the Clark County Superior Court of Washington (the "**Clark County Superior Court**" or the "**State Court**") to enforce the Guarantees.

17. On August 12, 2016, Defendants removed the Litigation to the District Court for the Western District of Washington (the "**Western District of Washington**").

18. On February 14, 2017, the Western District of Washington erroneously granted Defendants' motion to dismiss the Litigation, finding that it had subject matter jurisdiction over the Litigation, but lacked the necessary personal jurisdiction over Belbadi (the "**District Court Order**").[1]

19. On September 23, 2019, the Ninth Circuit reversed the District Court Order and remanded to the Western District of Washington (the "**Ninth Circuit Order**").

20. The Ninth Circuit Order held that the federal courts lacked federal subject matter jurisdiction over the Litigation. Consequently, the Ninth Circuit Order did not reach the issue of personal jurisdiction over Belbadi.

21. On December 19, 2019, the Western District of Washington entered an order remanding the Litigation to the Clark County Superior Court.

### B. 2020: Proceedings in the Clark County Superior Court upon Remand

i. The State Court Issues the Dismissal Decisions; Discovery Disputes

22. On January 2, 2020, the Clark County Superior Court regained jurisdiction.

23. Between January and August 2020, the Clark County Superior Court issued multiple decisions denying or deferring ruling on Defendants' motions and renewed motions to

---

[1] The Western District of Washington accordingly denied Cerner's motion to remand to the Clark County Superior Court.

DECLARATION OF GARRETT S. GARFIELD IN SUPPORT OF PLAINTIFF CERNER MIDDLE EAST LIMITED'S OPPOSITION TO DEFENDANT BELBADI ENTERPRISES, LLC'S MOTION TO DISMISS
ADV. PROC. NO. 20-04077-MJH – PAGE 5

dismiss the Verified Complaint on various grounds, including for lack of jurisdiction over Belbadi and *forum non conveniens* (collectively, the "**Dismissal Decisions**").

24. On January 17, 2020, Defendants moved to dismiss the Verified Complaint for lack of personal jurisdiction (including lack of *quasi in rem* jurisdiction over Belbadi), lack of proper service, and improper venue. A true and correct copy of the January 17, 2020 motion to dismiss is attached as **Exhibit 4**.

25. On January 27, 2020, the Clark County Superior Court convened a hearing and then denied Defendants' motion to dismiss.

26. In denying Defendants' motion to dismiss, the State Court stated that:

> Based on the facts that I've read and the facts that I've heard you argue amongst each other, your motion to dismiss is denied.
>
> There is a prima facie case for quasi in rem liability, Belbadi, based on prima facie evidence owns Vandevco, and therefore there is property in Washington available for this litigation to go forward. In addition, there's the alter ego argument that we still need to make and I said at the start of this hearing that if Vandevco … is disregarded and the veil is pierced, the assets belong to its alter ego, Belbadi subject to attachment in this state as well.

A true and correct copy of an excerpt of the transcript of the January 27, 2020 hearing is attached as **Exhibit 5**.[2]

27. The State Court then entered a written order denying the motion to dismiss on April 16, 2020. A true and correct copy of the Clark County Superior Court's April 16, 2020 written order denying the motion to dismiss is attached as **Exhibit 6**.

---

[2] All hearing transcripts cited in this Declaration were prepared by Cerner's vendor Transperfect from the audio recordings maintained by the Clark County Superior Court.

DECLARATION OF GARRETT S. GARFIELD IN SUPPORT
OF PLAINTIFF CERNER MIDDLE EAST LIMITED'S
OPPOSITION TO DEFENDANT BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS
ADV. PROC. NO. 20-04077-MJH – PAGE 6

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

28. On February 28, 2020, Defendants moved to: (1) certify for discretionary interlocutory review by the Washington Court of Appeals the Clark County Superior Court's denial of Defendants' motion to dismiss during the January 27, 2020 hearing; and (2) dismiss for *forum non conveniens*, alleging that the UAE was the proper forum to resolve the dispute over the Guarantees. A true and correct copy of the February 28, 2020 motion is attached as **Exhibit 7**.

29. On March 6, 2020, the State Court conducted a hearing in which it, among other things, denied the motion to certify for discretionary interlocutory review, and denied the motion to dismiss for *forum non conveniens*.

30. During the March 6, 2020 hearing, the State Court explained its decision in the previous January 27, 2020 hearing:

> My decision was a *prima facie* finding that the pleadings are presumed correct and that there's two issues. One is *quasi in rem* and the other is alter ego.

A true and correct copy of an excerpt of the transcript of the March 6, 2020 hearing is attached as **Exhibit 8**.

31. In denying the motion to certify for discretionary interlocutory review, the State Court stated that:

> *Quasi in rem* and alter ego, I will not. … I have already said I think that there is something there about their pleadings for *quasi in rem* and the alter ego. I don't think the court of appeals is going to help us out one way or the other on those two topics because I'm going to assume they are looking at the same case law that I looked at and we spend three hours, or whatever we spent, on that issue.

*Id.*

32. In the March 6, 2020 hearing, the State Court also discussed with Defendants' counsel the nexus between the Guarantees, Belbadi, Al Badi, and Vandevco:

DECLARATION OF GARRETT S. GARFIELD IN SUPPORT
OF PLAINTIFF CERNER MIDDLE EAST LIMITED'S
OPPOSITION TO DEFENDANT BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS
ADV. PROC. NO. 20-04077-MJH – PAGE 7

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

[Counsel]: Yeah, [Cerner wants] to have a trial on the merits. The first step is they want to get a judgment on a personal guarantee that has no nexus to this case. And Your Honor again if you look -

The Court: But how can you argue it has no nexus? I can see the direct flow.

[Counsel]: I'm sorry?

The Court: I can see the direct flow of Vandevco, Belbadi, and [Al Badi]. I can see a direct flow there. What's the problem with your nexus argument?

[Counsel]: I -- the -- it has nothing to do with the nexus to whether my client, my client through another subsidiary, through another subsidiary might have assets, I get you.

The Court: *Shaffer* talks about that pretty specifically.[3]

*Id.*

33. On March 13, 2020, the Clark County Superior Court convened a hearing to decide a provisional relief motion Cerner had filed in January 2020.

34. In this hearing, the State Court reiterated that "I am finding that it is likely, that Cerner is likely to prevail on the *quasi in rem*." A true and correct copy of an excerpt of the transcript of the March 13, 2020 hearing is attached as **Exhibit 9**.

35. The parties continued discovery in the Litigation. Despite being served with discovery requests, Belbadi refused to participate in discovery in any manner and ignored every discovery request.

36. Belbadi has not directly produced any documents in the Litigation. Consequently, Cerner has no present knowledge as to the location of Belbadi's relevant documents.

---

[3] The Clark County Superior Court is referring to the United States Supreme Court's 1977 decision in *Shaffer v. Heitner*, 433 U.S. 186 (1977), which is a leading decision concerning *quasi in rem* jurisdiction.

DECLARATION OF GARRETT S. GARFIELD IN SUPPORT
OF PLAINTIFF CERNER MIDDLE EAST LIMITED'S
OPPOSITION TO DEFENDANT BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS
ADV. PROC. NO. 20-04077-MJH – PAGE 8

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

37. Belbadi has not produced a corporate representative witness for deposition. Al Badi is the founder and sole owner of Belbadi and would likely be the proper corporate representative with knowledge of Belbadi's operations.

38. On August 3, 2020, Defendants filed or renewed several motions to dismiss for insufficient service of process, *forum non conveniens*, lack of jurisdiction, on grounds of international comity, and improper venue. A true and correct copy of the August 3, 2020 motions are attached as **Exhibit 10**.

39. On August 7, 2020, Cerner filed oppositions to these motions. In support of its oppositions, Cerner submitted the Amended Affidavit of James Fox. A true and correct copy of the Amended Affidavit is attached as **Exhibit 13**.[4]

40. On August 10, 2020, the Clark County Superior Court commenced an evidentiary hearing concerning the alter ego and *quasi in rem* jurisdictional issues in the Litigation.

41. In this hearing, the State Court expressly denied Defendants' renewed motion to dismiss on grounds of *forum non conveniens*

> The Court: I want to focus on what you're asking me to do. Are you asking
> me to dismiss on forum non conveniens?
> [Counsel]: Yes.
> The Court: Denied.

A true and correct copy of an excerpt of the transcript of the August 10, 2020 hearing is attached as **Exhibit 11**.

       ii.    Cerner's Witnesses Testify in the August 10, 2020 Hearing

42. In the August 10, 2020 evidentiary hearing, the State Court also reserved decision on Defendants' other motions to dismiss, including for lack of jurisdiction, in favor of proceeding with the evidentiary hearing.

---

[4] Cerner has omitted the exhibits from the Amended Affidavit because they are unnecessary for purposes of this Declaration.

DECLARATION OF GARRETT S. GARFIELD IN SUPPORT
OF PLAINTIFF CERNER MIDDLE EAST LIMITED'S
OPPOSITION TO DEFENDANT BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS
ADV. PROC. NO. 20-04077-MJH – PAGE 9

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

43. In the August 10, 2020 hearing, Cerner also called witnesses to demonstrate the existence of both *quasi in rem* and alter ego jurisdiction over Belbadi in Washington.

44. First, Cerner called Greg White ("**White**"), Cerner's former Vice President and Managing Director, that led the negotiations of the Guarantees for Cerner.

45. White testified, *inter alia*, that: (1) Cerner investigated Belbadi's assets and discovered the Vancouver Center in Washington, which Cerner believed to be Belbadi's sole asset in the United States; (2) Cerner believed that Belbadi put all of its assets, including the Vancouver Center, as security for the Guarantees; (3) Cerner would not have executed the Guarantees but for the inclusion of the Vancouver Center as a secured asset; and (4) a dispute resolution provision in that Guarantees that conferred exclusive jurisdiction on the courts of the UAE was a "non-starter" for Cerner and that it was "adamant" it "had the ability to choose within internal or external the UAE" to enforce the Guarantees.

46. On multiple occasions, White testified that Cerner believed that Belbadi put all of its assets, including the Vancouver Center, at issue as security under the Guarantees:

> MR. GLUCK: Now I'm not going to ask you about a lot of clauses in the guarantee. I think it speaks for itself. But there's a couple issues that I am going to ask you about here today that are in dispute. Let's first move towards the concept of these guarantees. Was Cerner concerned about iCapital's ability to make payments?
>
> MR. WHITE: We were.
>
> MR. GLUCK: And did Cerner believe that a guarantee from Belbadi would secure assistance securing those payments?
>
> MR. WHITE: We did.
>
> MR. GLUCK: In negotiating and executing these guarantees, did Cerner believe that Belbadi was putting all of its assets at issue to back those

DECLARATION OF GARRETT S. GARFIELD IN SUPPORT
OF PLAINTIFF CERNER MIDDLE EAST LIMITED'S
OPPOSITION TO DEFENDANT BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS
ADV. PROC. NO. 20-04077-MJH – PAGE 10

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

Case 20-04077-MJH   Doc 51   Filed 06/07/21   Ent. 06/07/21 10:04:28   Pg. 10 of 14

guarantees?

MR. WHITE:  Yes.  That was our request.

...

MR. GLUCK:  When Cerner -- when you were negotiating with Belbadi and iCapital, did you specifically discuss the concept that Cerner believed or would demand that Belbadi put up all its assets for credit so that Cerner would continue with the performance?

MR. WHITE:  Yes, that was the intent of the discussions and the guarantee.

47.  White further testified that Cerner knew of the Vancouver Center as a Belbadi asset when negotiating the Guarantees:

MR. GLUCK:  Now, did Cerner know about the Vancouver Center when it was negotiating these guarantees?

MR. WHITE:  We did.

…

MR. GLUCK:  Did you specifically rely on the Vancouver Center in connection with the negotiation of these guarantees?

MR. WHITE:  We did.

MR. GLUCK:  Why did you specifically rely on the Vancouver Center as opposed to any of the other assets of Belbadi?

MR. WHITE:  We reviewed as many, if not all of the assets, that could be identified.  This was an asset that was in the United States in Washington State, as we are aware of.  It was a clear asset that we felt if it was necessary could be used as collateral against the guarantees with the contract.

48.  White also testified that Cerner was unaware of, nor had it located, any other assets held by Belbadi in Washington other than the Vancouver Center:

DECLARATION OF GARRETT S. GARFIELD IN SUPPORT OF PLAINTIFF CERNER MIDDLE EAST LIMITED'S OPPOSITION TO DEFENDANT BELBADI ENTERPRISES, LLC'S MOTION TO DISMISS ADV. PROC. NO. 20-04077-MJH – PAGE 11

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

MR. GLUCK:  Have you seen personally an early draft of the guarantee Cerner prepared which listed the Western District of Washington as the forum for any disputes under the guarantees?

MR. WHITE:  I have.

MR. GLUCK:  Are you aware of any assets other than the Vancouver Center in the Western District of Washington that are owned by Belbadi?

MR. WHITE:  I am not aware of any others.  We were not aware of any or had located any other assets.

A true and correct copy of White's testimony in the August 10, 2020 hearing is attached as **Exhibit 12**.

49.     Cerner also called Chad Eiken ("**Eiken**"), the Director of the City of Vancouver's Community and Economic Development Department.  Eiken worked at the planning office of the City of Vancouver at the outset of the Vancouver Center project and works for the City presently.

50.     Eiken testified, *inter alia*, that: (1) he believed Belbadi to be the "primary decision maker" for, and "financial support" behind, the Vancouver Center project; (2) Othman sought approval for expenditures for the Vancouver Center from Belbadi and Al Badi; and (3) Belbadi accurately represented itself as the "owners and developers" of the Vancouver Center in a December 7, 2015 letter to the City of Vancouver touting Belbadi's 17-year $100 million investment in the Vancouver Center.

///

///

///

///

///

///

///

DECLARATION OF GARRETT S. GARFIELD IN SUPPORT
OF PLAINTIFF CERNER MIDDLE EAST LIMITED'S
OPPOSITION TO DEFENDANT BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS
ADV. PROC. NO. 20-04077-MJH – PAGE 12

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

51. The evidentiary hearing was set to resume on December 7, 2020. Cerner would have called Elhindi as its first witness that day.

52. On December 6, 2020, Vandevco filed its Chapter 11 petition and Belbadi removed the Litigation.

Dated: June 7, 2021
Portland, Oregon

By: *s/ Garrett S. Garfield*
Garrett S. Garfield

DECLARATION OF GARRETT S. GARFIELD IN SUPPORT OF PLAINTIFF CERNER MIDDLE EAST LIMITED'S OPPOSITION TO DEFENDANT BELBADI ENTERPRISES, LLC'S MOTION TO DISMISS
ADV. PROC. NO. 20-04077-MJH – PAGE 13

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

Case 20-04077-MJH    Doc 51    Filed 06/07/21    Ent. 06/07/21 10:04:28    Pg. 13 of 14

# **CERTIFICATE OF SERVICE**

I certify that, on June 7, 2021, I caused to be electronically filed the foregoing Declaration and served electronically via this Court's CM/ECF case management system upon all parties registered for such service for the above-numbered and above-captioned case.

_/s/ Garrett S. Garfield_

CERTIFICATE OF SERVICE – 1

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300