**Below is a Memorandum Decision of the Court.**

*Mary Jo Heston*

**Mary Jo Heston**
**U.S. Bankruptcy Judge**

**(Dated as of Entered on Docket date above)**

---

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re: | |
| VANDEVCO LIMITED and ORLAND LTD., | Case No. 20-42710 (Lead Case) |
| | 20-42711 (Jointly administered) |
| Debtors. | |
| CERNER MIDDLE EAST LIMITED, | Adversary No. 20-04077 |
| Plaintiff, | **MEMORANDUM DECISION ON BELBADI** |
| v. | **ENTERPRISES, LLC'S MOTION TO** |
| | **DISMISS FOR LACK OF JURISDICTION** |
| BELBADI ENTERPRISES, LLC; | **AND FORUM NON-CONVENIENS** |
| VANDEVCO, LTD., | |
| Defendants. | |

This matter came before the Court on June 11, 2021, on Belbadi Enterprises, LLC's

Motion to Dismiss for Lack of Jurisdiction and Forum Non-Conveniens ("Motion to Dismiss").[1]

---

[1] The Motion to Dismiss was filed in Adv. Proc. No. 20-04077 and not related adversary proceeding *Cerner Middle East Limited v. Belbadi Enterprises, LLC and Orland, Ltd.*, Adv. Proc. No. 21-04001. The two adversary proceedings have not been consolidated. Counsel for the Debtors indicated at the June 11, 2021 hearing that any request for consolidation would be re-noted for hearing if later determined necessary. The Debtors subsequently filed a Status Report on Consolidation setting forth a hearing date of July 7, 2021, and requesting that the Court grant consolidation prior to ruling on the Motion to Dismiss. ECF No. 61. No notice of hearing was filed. As indicated by the Court at the July 7, 2021 hearing, the Court will review the matter of consolidation at the July 29, 2021 status conference after the issuance of this Memorandum Decision.

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON-CONVENIENS - 1

Vandevco Limited ("Vandevco") joined in the motion ("Joinder"). The Court considered the parties' arguments and took the matter under advisement. Based on the pleadings in the record and the arguments of counsel, the Court makes the following findings of fact and conclusions of law.

## I. FINDINGS OF FACT

**A.      Incorporation of Facts from Prior Decisions.**

The Court incorporates herein the procedural history set forth in its prior Order Denying Motion to Remand ("Remand Order") at ECF No. 26,[2] and the facts set forth by the Ninth Circuit Court of Appeals ("Ninth Circuit") in companion reported decisions: *Cerner Middle East Ltd. v. Belbadi Enters. LLC*, 939 F.3d 1009 (9th Cir. 2019), and *Cerner Middle East Ltd. v. iCapital, LLC*, 939 F.3d 1016 (9th Cir. 2019), and will restate only such facts pertinent to the Motion to Dismiss.

**B.      The United Arab Emirates ("UAE") Contract Dispute Between Cerner and iCapital, and the Belbadi Guarantees.**

      **1.      <u>The Contract Dispute Between iCapital and Cerner, the Default, and the Resulting Settlement Agreement</u>.**

This litigation originally arises out of a commercial dispute between Plaintiff, Cerner Middle East Limited ("Cerner"), a Cayman Islands corporation with its principal place of business in Kansas City, Missouri, that does business primarily, if not exclusively, in the Middle East and Africa, and iCapital Sole Establishment, aka, iCapital LLC ("iCapital"),[3] a

---

[2] All references to docket entries in this adversary proceeding (Adv. Proc. No. 20-04077) will be referred to as "ECF" while references to the docket of the jointly administered bankruptcy cases (Bankr. Case No. 20-42710) will hereafter be referred to as "Bk.Dkt. ECF".

[3] Cerner contends that in 2012, iCapital Sole Establishment, a sole proprietorship, was reorganized into iCapital, LLC without Cerner's consent. As indicated by the Ninth Circuit, the litigation at issue by Cerner was against iCapital, LLC. *Cerner v. iCapital*, 939 F.3d at 1011-13.

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 2

Case 20-04077-MJH    Doc 96    Filed 07/28/21    Ent. 07/28/21 16:19:01    Pg. 2 of 42

UAE sole proprietorship. The dispute arose over a 2008 agreement ("UAE Contract") under which Cerner was to provide hardware, software, and support services to iCapital on a healthcare information software project in the UAE overseen by the Abu Dhabi Ministry of Health. Elhindi Decl. ¶ 10, ECF No. 36. In September 2012, Cerner commenced an arbitration petition with the International Chamber of Commerce ("ICC"), against iCapital and its owner, Ahmed Saeed Mohammad Al Badi Al Dhaheri[4] ("Dhaheri"), a citizen and domiciliary of the UAE, alleging that iCapital failed to perform and make payments due under the UAE Contract and further that Dhaheri was iCapital's alter ego. Prior to the initially scheduled ICC arbitration hearing, the parties to the UAE Contract entered into a settlement agreement ("Settlement Agreement") to resolve their disputes. Verified Complaint Ex. C, ECF No. 4-2. As a condition precedent to Cerner's execution of the Settlement Agreement, the parties agreed to amend the UAE Contract. This amendment ("UAE Contract Amendment") among other things: 1) acknowledged the specific overdue amounts iCapital owed to Cerner under the UAE Contract as well as the amounts that would become due in the future; 2) dismissed the pending arbitration; and 3) provided consent for binding arbitration before the ICC in the event of a default under the Settlement Agreement. Verified Complaint Ex. D, ECF No. 4-2.

       2.      **The Belbadi Guarantees of iCapital Performance Under the UAE Contract as Condition Precedent to the Settlement Agreement.**

As a further condition precedent to its execution of the Settlement Agreement, Cerner required that Belbadi Enterprises, LLC ("Belbadi"), a UAE corporation with its principal place of business in Abu Dhabi and 100% owned by Dhaheri, execute two unconditional

---

[4] Dhaheri's name is spelled various ways in the pleadings and documents filed with the Court. In this Memorandum Decision, the Court used the spelling from the Verified Complaint. Verified Complaint ¶ 19, ECF No. 4-2.

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 3

commercial guarantees of iCapital's performance to Cerner under the UAE Contract and Settlement Agreement to: (1) guarantee payments from iCapital to Cerner that were overdue; and (2) guarantee payments from iCapital to Cerner that were to come due following the execution of the Settlement Agreement ("Guarantees"). Verified Complaint Exs. A & B, ECF No. 4-2. In addition to executing the Guarantees, Dhaheri, on behalf of Belbadi, also signed an acknowledgement of the Settlement Agreement, which incorporates the UAE Contract Amendment. Verified Complaint Ex. C, ECF No. 4-2.

  **3.**    <u>**The Guarantees and Provisions Relevant to Disputes Over Jurisdiction**</u>.

  The Guarantees have duplicate originals in both English and Arabic. Verified Complaint Exs. A & B, ECF No. 4-2. The parties represent that there are differences between the versions, including the jurisdiction clause. Elhindi Decl. ¶ 18, ECF No. 36. The most important difference for purposes of this matter concerns the scope and nature of the UAE courts' jurisdiction over disputes arising under the Guarantees.

  The English version in Section 7 of both Guarantees provides as follows with regard to the choice of law and location for the adjudication of disputes under the Guarantees:

   (b)   <u>Governing Law; Jurisdiction.</u>

    (i)   This Guarantee shall be governed by, and construed and enforced in accordance with, the laws of the Emirate of Abu Dhabi and the federal laws of the United Arab Emirates, without giving effect to the conflict of law rules thereof.

    (ii)   Each party hereby expressly consents to the jurisdiction of a competent court in the Emirate of Abu Dhabi for the adjudication of any dispute relating to, or arising under, this Guarantee.

Verified Complaint, Exs. A & B, ECF No. 4-2.

  The Arabic version instead provides for "exclusive" jurisdiction in the UAE. Elhindi Decl. ¶ 18, ECF No. 36. Specifically, the Arabic version states: "Each Party hereby expressly

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 4

Case 20-04077-MJH   Doc 96   Filed 07/28/21   Ent. 07/28/21 16:19:01   Pg. 4 of 42

consents to the **exclusive** jurisdiction of a competent court in the Emirate of Abu Dhabi for the adjudication of any dispute relating to, arising under, this Guarantee." Garfield Decl. Ex. 13, James Fox Am. Affid. ¶ 12, ECF No. 51-14 (emphasis added).

The Guarantees do not have a provision making either the English or Arabic versions controlling and binding on the parties.[5] Accordingly, the issue of whether UAE courts have exclusive jurisdiction to resolve any disputes under the Guarantees remains unresolved. *Compare* Garfield Decl. Ex. 13, James Fox Am. Affid. ¶ 8, ECF No. 51-14 (providing a legal opinion regarding alternative ways a UAE court might resolve the dispute), *with* Elhindi Decl. Exs. D & E, Amna Abdalla Mattar Al Zaabi Decl., ECF No. 36-1 (providing an opposing legal opinion that the UAE court would apply the Arabic version of the Guarantees).

As is common in commercial guarantees, the Guarantees in Section 1(g)(ii) permit Cerner generally to "take and hold security" for payment of the Guarantees, but do not specify any specific security, nor was a security agreement ever executed for any of Belbadi's asserted "worldwide" assets, including the assets of debtors-in-possession, Vandevco and Orland, in the jointly administered chapter 11 cases pending in this Court. Verified Complaint Exs. A & B, ECF No. 4-2. The Court understands that the foregoing language regarding the taking of security is the same in both the English and Arabic versions. Elhindi Decl. ¶ 13, ECF No. 36.

4.    **iCapital Default Under the Settlement, Second ICC Arbitration, and UAE Lawsuit to Obtain Judgment Against iCapital and Dhaheri.**

Following iCapital's default under the Settlement Agreement, Cerner filed a second petition for arbitration with the ICC. Verified Complaint ¶ 45, ECF No. 4-2. On July 16, 2015, a

---

[5] By way of contrast, the UAE Contract Amendment provides in Section 4.3 that the English version of the amendment controls and evidences the intention of the parties. Verified Complaint Ex. D, ECF No. 4-2.

three-member ICC arbitral tribunal ("Tribunal") entered an award holding both iCapital and Dhaheri, as iCapital's alter ego, jointly and severally liable to Cerner in an amount equal to approximately $62 million in US dollars (i.e., the 2015 conversion equivalent in United Arab Emirates dirham or AED) in damages ("ICC Award").[6] Verified Complaint ¶ 47 & Ex. E, ECF Nos. 4-2 and 4-3. The ICC determined that it had jurisdiction over both iCapital and Dhaheri. Verified Complaint Ex. E, ECF Nos. 4-2 and 4-3. Neither iCapital nor Dhaheri appeared at the ICC hearings.

After filing this second arbitration, Cerner filed suit against iCapital and Dhaheri on September 18, 2013, in the Abu Dhabi Court of First Instance, First Commercial Plenary Circuit ("UAE Plenary Court") requesting damages, case related charges, and attorneys' fees. Verified Complaint ¶ 48, ECF No. 4-2. On September 30, 2013, Cerner also filed a separate petition in the UAE Plenary Court requesting that the court affirm the validity of Cerner's provisional seizure of iCapital assets held by third parties. *Id.* at ¶ 49-50. The Plenary Court denied iCapital's request to stay these petitions pending the outcome of the second arbitration. *Id.* at ¶ 51.

On May 27, 2014, the Plenary Court determined that Cerner had satisfied all three elements for breach of contract and payment due and issued a judgment in favor of Cerner ("Plenary Court Judgment"). Verified Complaint ¶ 51-53, ECF No. 4-2. This judgment was upheld with a downward modification of damages by the First Commercial Appellate Circuit of the Abu Dhabi Court of Appeals ("Appellate Judgment"). *Id.* at ¶ 54-55.

---

[6] Given that all awards to Cerner to date have been in AED, the Court assumes that this dollar amount will change based upon the conversion rate and rules for domestication of judgments in foreign currency.

MEMORANDUM DECISION ON BELBADI ENTERPRISES, LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND FORUM NON CONVENIENS - 6

Case 20-04077-MJH    Doc 96    Filed 07/28/21    Ent. 07/28/21 16:19:01    Pg. 6 of 42

**5.** **Belbadi Files Suit on Guarantees in UAE on Statute of Limitations Issues, Fails to Prevail, and is Ordered to Pay Fees and Costs Related Thereto**.

On September 29, 2020, the Abu Dhabi Commercial Court of First Instance, Second Plenary Commercial Circuit ("UAE Commercial Court") dismissed a lawsuit filed by Belbadi against Cerner. Belbadi sought to acquit it of liability under the Guarantees on several grounds, including a claim that the statute of limitations under the Guarantees had expired and the Guarantees were not enforceable under UAE Article (1092) of the Civil Transactions Laws. Garfield Decl. ¶ 53, ECF No. 17-1; Ex. 9, ECF No. 17-10. In dismissing the suit, the UAE Commercial Court found that the Guarantees were commercial obligations between commercial parties affiliated to the business obligations guaranteed by it (i.e., the UAE Contract as modified by the Settlement Agreement). Further, such Guarantees, being continuous and absolute, would not expire except by expiration of such original debt. Garfield Decl. Ex. 9, ECF No. 17-10. The UAE Commercial Court also ordered Belbadi to pay Cerner's costs and attorney fees. Garfield Decl. ¶ 53, ECF No. 17-1.

The Abu Dhabi Commercial Court of Appeal, Fourth Commercial Appeal Circuit affirmed the UAE Commercial Court decision at a hearing held on November 11, 2020. Garfield Decl. ¶ 54, ECF No. 17-1; Ex. 10, ECF No. 17-11.

Since the entry of the ICC Award, Cerner has been pursuing litigation in various forums, including the United States, against iCapital, Dhaheri, Belbadi, and certain downstream entities including the Debtors, Vandevco and Orland. *See infra* Section I.C. It is undisputed, however, that Cerner never sought entry of a judgment on the Guarantees in the UAE and has not yet obtained a judgment against Belbadi on the Guarantees in any other forum.

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 7

Case 20-04077-MJH    Doc 96    Filed 07/28/21    Ent. 07/28/21 16:19:01    Pg. 7 of 42

**C.    U.S. State Court Litigation Commenced against Belbadi, Vandevco, and Orland.**

### 1.    The Vandevco Organization and Relationship to Belbadi and Dhaheri.

Vandevco is a Washington corporation with its principal place of business in Vancouver, Washington. Vandevco's shares currently are held by Willamette Enterprises, Ltd. ("Willamette"), an exempted Cayman Islands company. Vandevco is the sole owner of six Washington subsidiary limited liability companies, which in turn own commercial properties in Vancouver, Washington. *See* First Amended Disclosure Statement Ex. A ("Vandevco Organization Chart"), Bk.Dkt. No. 230. Willamette's shares are held 99% by Belbadi Engineering, a UAE limited liability corporation, and 1% by Ziad Elhindi ("Elhindi"). Belbadi holds 100% of Belbadi Engineering's shares. Dhaheri is the 100% sole member of Belbadi. *Id*.

### 2.    The Clark County Superior Court Lawsuit Seeking Judgment on the Guarantees.

On July 20, 2016, Cerner filed a complaint ("Verified Complaint") against Belbadi and Vandevco ("Defendants") in Clark County Superior Court of the State of Washington ("Clark County Action" and "Clark County Court"), asserting two breach of contract causes of action seeking entry of a judgment in Cerner's favor on amounts owing on the Guarantees. The Verified Complaint also asserts a third cause of action to "[t]ake Security Pursuant to Guarantees," referencing a contemporaneously filed motion for issuance of a prejudgment writ of attachment for the shares of Vandevco. Verified Complaint ¶ 115, ECF No. 4-2. The Verified Complaint includes allegations that Dhaheri is the alter ego of Belbadi and further that Belbadi is the alter ego of Vandevco. Verified Complaint ¶¶ 19 & 56–80. The Complaint also asserts that Belbadi is the "titular" holder of the Vandevco shares. *Id*. at ¶ 8. Neither Dhaheri nor Willamette are parties to the Clark County Action.

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 8

Case 20-04077-MJH    Doc 96    Filed 07/28/21    Ent. 07/28/21 16:19:01    Pg. 8 of 42

The same day the Complaint was filed, the Clark County Court granted Cerner's request for a temporary restraining order ("TRO") prohibiting any party notified of the TRO from transferring any tangible or intangible assets of Vandevco or its subsidiaries, so as "to devalue the shares of VAndevco [sic] or any of its subsidiaries." Garfield Decl. Ex. 3, ECF No. 2-3. The Clark County Court subsequently extended the TRO by stipulation of the parties "until a decision has been made on plaintiff's Quasi in Rem and/or Alter Ego Claims." Garfield Decl. Ex. 4, ECF No. 2-3.

### 3.   The Multnomah County Lawsuit Seeking Judgment on the Guarantees.

On July 20, 2016, Cerner filed a similar complaint in the Oregon Circuit Court for Multnomah County ("Multnomah County Action" and "Multnomah County Court"), naming Belbadi as the initial defendant and seeking judgment on the Guarantees. The Oregon complaint later was amended to name Orland, an Oregon LLC that owns Oregon property, as an additional defendant. Orland has the same parental organization structure as Vandevco but does not own any subsidiaries. First Amended Disclosure Statement Ex. A, Bk.Dkt. No. 230. The Multnomah County Action asserts the same three causes of action as the Verified Complaint filed in the Clark County Action (e.g., two causes of action seeking judgment on the Guarantees and one cause of action seeking to "take security" for the Guarantees, referencing the Orland shares). It also bases its quasi in rem claims on assertions that Orland is the alter ego of both Belbadi and Dhaheri. Multnomah County Action Verified Complaint, ECF No. 1-1 (Adv. Proc. No. 21-04001). As with the Clark County Action, neither Willamette nor Dhaheri are named as defendants.

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 9

Case 20-04077-MJH    Doc 96    Filed 07/28/21    Ent. 07/28/21 16:19:01    Pg. 9 of 42

1

### 4. **Pre-Bankruptcy Litigation History of the Clark County Action**.

2

3

During the approximately fifty-one-month period following the filing of the Clark County

4

Action and Multnomah County Action and the filing of the Vandevco and Orland chapter 11

5

bankruptcy cases, Cerner, Belbadi, Vandevco, and Orland litigated in the Clark County Court,

6

Multnomah County Court, U.S. District Court for the Western District of Washington ("District

7

Court"), Ninth Circuit, and Oregon Court of Appeals. Most of the litigation related to the state

8

and federal courts' personal jurisdiction over Defendant Belbadi, service of process on

9

Belbadi, prejudgment writs of attachment,[7] discovery motions related to foreign non-parties

10

including Dhaheri, and venue issues related to forum non conveniens. This extensive litigation

11

proceeded without a final binding[8] resolution of any of the foregoing important but preliminary

12

matters.

13

For example, although District Court Judge Ronald Leighton granted Belbadi's motion

14

to dismiss for lack of jurisdiction following denial of Cerner's motion to remand the removed

15

Clark County Action, the Ninth Circuit reversed with instruction to remand the case to the

16

Clark County Court for lack of federal subject matter jurisdiction. *Cerner Middle East Ltd. v.*

17

*Belbadi Enters. LLC*, No. C16-5706RBL, 2017 WL 591082 (W.D. Wash. Feb. 14, 2017), *rev'd*

18

*and remanded*, 939 F.3d 1009 (9th Cir. 2019). Additionally, following remand the parties filed

19

several motions related to the Clark County Court's personal jurisdiction over Belbadi, service

20

of process, and forum non conveniens, which the Clark County Court preliminarily denied in

21

order to permit both jurisdictional discovery and a further hearing on these issues.[9] *See*

22

23

24
[7] The applications sought to attach all property owned by Belbadi in the states of Washington and Oregon, including all shares of Vandevco and Orland. *See, e.g.,* Application for Prejudgment Writ of Attachment and for Appointment of Receiver filed in the Clark County Action on July 20, 2016; Report of Proceedings, ECF No. 4-3.
[8] The factual history is discussed in more detail in the Remand Order. ECF No. 26.

25
[9] Similarly, while the Oregon Court of Appeals determined that the Multnomah County Court erred in dismissing the action for lack of jurisdiction, it did so assuming the truth of all well plead allegations in the complaint to

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS – 10

Case 20-04077-MJH    Doc 90    Filed 07/28/21    Ent. 07/28/21 16:19:01    Pg. 10 of 42

Garfield Decl. Ex. 6, ECF No. 51-7. Belbadi has consistently and repeatedly filed motions to dismiss for both lack of personal jurisdiction and forum non conveniens. One such hearing on personal jurisdiction was in progress before the Clark County Court when Vandevco and Orland filed their bankruptcy cases.

This extensive litigation in the Clark County Court over the preliminary issues of personal jurisdiction (and to a lesser extent in the Multnomah County Court) was based on the fact that to establish any grounds for the Clark County Court's personal jurisdiction over Belbadi to enter judgment on the Guarantees, Cerner had to show that Vandevco was Belbadi's alter ego and/or Dhaheri's alter ego. *See* Verified Complaint ¶ 19 (alleging that Dhaheri is the alter ego of Vandevco, the Vandevco subsidiaries, and Belbadi) & ¶ 20 (alleging that the Court has quasi in rem jurisdiction over Belbadi because Belbadi owns Vandevco's shares and/or membership interests in the Vandevco subsidiaries located in Washington), ECF No. 4-2.

**D.      The Bankruptcy Cases and Key Relevant Events to Date.**

**1.      Bankruptcy Case Filings, Schedules, and Turnover Motion.**

On December 6, 2020 ("Petition Date"), Vandevco and Orland filed chapter 11 petitions under Bankruptcy Case Nos. 20-42710 (Vandevco) and 20-42711 (Orland) (collectively referred to as "Bankruptcy Cases"). On December 17, 2020, the Bankruptcy Cases were ordered jointly administered under case number 20-42710. Order Granting Motion for Joint Administration, Bk.Dkt. ECF No. 47. Vandevco and Orland remain chapter 11 debtors-in-possession, and no trustee has been appointed in the Bankruptcy Cases.

---

conclude that the complaint alleged sufficient *prima facie* facts to survive a motion to dismiss for lack of personal jurisdiction. Garfield Decl. Ex. 11, ECF No. 25-11 (Adv. Proc. No. 21-04001).

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 11

Case 20-04077-MJH   Doc 90   Filed 07/28/21   Ent. 07/28/21 16:19:01   Pg. 11 of 42

On January 14, 2021, this Court entered an order on the Debtors' Motion for Turnover of Funds in the amount of $6,520,571.51 being held in an escrow account pursuant to an order of the Clark County Court. Turnover of Funds Order, Bk.Dkt. ECF 105. The Court ordered that these funds be turned over to the bankruptcy court registry subject to further order of this Court. Since then, this Court has authorized payment of allowed administrative expenses of the bankruptcy estates from the registry pursuant to court orders allowing such fees. While the foregoing and future orders this Court enters in the Bankruptcy Cases in the ordinary course of their administration will impact the property of the Vandevco and Orland bankruptcy estates, the TRO remains in full force and effect in accordance with its terms unless otherwise altered by this Court. Fed. R. Bankr. P. 9027(i).

**2.**     **Cerner Claims and Debtors' Objections.**

On December 14, 2020, this Court entered an order setting a claims bar date of February 10, 2021. Bk.Dkt. ECF No. 30. Cerner timely filed proofs of claim in each of the Bankruptcy Cases ("Cerner Claims"), seeking payment in the total amount of "no less than $87,875,514.65" from the bankruptcy estates of Vandevco and Orland. The supporting documents to the Cerner Claims allege that Vandevco and Orland each are directly liable to Cerner because they are alter egos of Belbadi.

On February 24, 2021, Vandevco and Orland filed a joint objection to the Cerner Claims ("Cerner Claims Objection"). Bk.Dkt. ECF No. 137. Following a status conference on the Cerner Claims Objection and with the agreement of the parties, the Court set a bifurcated evidentiary hearing for mid-September on the issue of whether Cerner is able to establish that Vandevco and/or Orland are the alter egos of Belbadi ("Alter Ego Element") under the state court substantive law on alter ego. Both Cerner and the Debtors acknowledge that if Cerner

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 12

Case 20-04077-MJH     Doc 90     Filed 07/28/21     Ent. 07/28/21 16:19:01     Pg. 12 of 42

fails to prove that it meets the legal standard for proving the Alter Ego Element, no further hearing will be required and the Cerner Claims will be disallowed. However, if Cerner prevails on proving the Alter Ego Element, Cerner then will be required to also prove that Belbadi is liable to Cerner on account of the Guarantees for the Cerner Claims to be allowed ("Liability Element"). On July 5, 2021, the Debtors filed a motion for summary judgment alleging that Cerner cannot establish the Alter Ego Element as a matter of law. Bk.Dkt. ECF No. 252. The motion for summary judgment is scheduled for hearing on August 2, 2021.

3. **Bankruptcy Schedules, Willamette Deemed Claims and Interests, Cerner's Objection, and Related Motions.**

Vandevco and Orland filed bankruptcy schedules of their assets, liabilities, and pre-bankruptcy transactions in the Bankruptcy Cases, which have been amended from time to time (collectively referred to as the "Schedules"; individually "Vandevco Schedules" and "Orland Schedules"). The original filed Schedule E/F of the Vandevco Schedules, Bk.Dkt. ECF No. 1, lists a claim owing to Willamette for a "Construction loan from parent company" in the amount of $11,093,296.94.[10] This claim is not identified as contingent, unliquidated, or disputed[11] and is considered to be a deemed filed claim under Fed. R. Bankr. P. 3003 ("Willamette Deemed Filed Claim").

On June 11, 2021, Cerner filed an Objection to the Deemed Filed Claim of Willamette ("Willamette Claim Objection"). Bk.Dkt. ECF No. 219. Cerner asserts that the Willamette

---

[10] The Debtors filed Amended Vandevco Schedule E/F on January 13, 2021, decreasing the amount of this claim to $10,954,617.10. Bk.Dkt. ECF No. 101. The amount was further amended to $10,904,617.10 on March 29, 2021. Bk.Dkt. ECF No. 161.

[11] Amended Schedule E/F of the Vandevco Schedules filed December 9, 2020, also lists two other claims owing to Willamette: a contingent, unliquidated indemnity claim in an unknown amount for any loss Willamette incurs from Abu Dhabi Bank and an indemnity claim in an unknown amount for any loss that Willamette incurs from Abu Dhabi Commercial Bank. Orland Schedule A/B lists a related entity debt due from Willamette of $2,221,815.51. The Vandevco and Orland Schedules list Willamette as the 100% shareholder of both Debtors. ("Willamette Equity Interests"). Bk.Dkt. ECF No. 1, Bankr. Case No. 20-42710 and Bk.Dkt. ECF No. 1, Bankr. Case No. 20-42711.

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 13

Deemed Filed Claim should be disallowed because the scheduled amounts are owed to Belbadi, not Willamette, and further that the scheduled amounts are significantly understated. Willamette filed its response to such objection on July 21, 2021, and the Debtors joined in this response on July 22, 2021. A status conference on the Willamette Claim Objection is set for July 29, 2021.[12]

Cerner previously filed a Motion to (A) Amend Schedules and List of Equity Security Holders and (B) for Appointment of an Examiner ("Motion to Amend Schedules"). Bk.Dkt. ECF No. 189. The Motion to Amend Schedules seeks to substitute Belbadi as the true claimant of the amounts reflected in the Vandevco Schedules for the Willamette Deemed Filed Claim. The Court denied the motion to appoint an examiner without prejudice at the June 3, 2021 hearing, and an order was entered on June 17, 2021. Bk.Dkt. ECF No. 225. The remainder of the Motion to Amend Schedules is being held in abeyance pending the scheduling of the hearing on the Willamette Claim Objection and the upcoming status conference.

**4.** **Debtors' Joint Plan and Disclosure Hearing.**

On April 1, 2021, the Debtors filed a Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization Dated March 31, 2021, to address the payment of claims and distribution of the property of the Debtors' estates, which has been supplemented and amended several times. *See* Bk.Dkt. ECF Nos. 166, 191, 211 & 230. On July 8, 2021, the Court entered an Order Approving First Amended Disclosure Statement for First Amended

---

[12] J. Mark Chevallier's Pro Hac Vice application to appear in the Vandevco bankruptcy case as counsel for Willamette was granted on July 19, 2021. Bk.Dkt. ECF No. 273. The application states that such appearance is "on a limited basis to represent Willamette's interest in connection with its deemed filed claim in this case and challenges to that claim by Cerner." Bk.Dkt. ECF No. 271. Willamette has not filed a notice of appearance in this adversary proceeding.

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 14

Joint Plan of Reorganization Dated April 1, 2021. Bk.Dkt. ECF No 261. The Court has not yet scheduled a plan confirmation hearing date.

**E.    The Removed State Court Proceedings and Key Events to Date.**

    **1.    Removal of Clark County Action and Related Multnomah County Action.**

On the Petition Date the Debtors filed a Notice of Removal to Federal Bankruptcy Court seeking to remove the Clark County Action to this Court. The removed Clark County Action ("Vandevco Proceeding") is pending under this Adv. Proc. No. 20-04077. Cerner filed a Motion to Remand on December 21, 2020. On March 2, 2021, the Court entered the Remand Order denying Cerner's motion to remand the litigation to the Clark County Court. ECF No. 26. Cerner did not appeal the Remand Order.

The Vandevco Proceeding has not been consolidated with the similarly removed Multnomah County Action ("Orland Proceeding"), though the Debtor's motion to consolidate the Vandevco and Orland Proceedings is pending.[13] As stated *supra*, the Court will discuss consolidation with the parties at the June 29, 2021 status conference.

    **2.    Vandevco Motion to Stay and Cerner Motion for Pre-Judgment Writ and Appointment of Receiver.**

On February 23, 2021, Cerner filed a Motion for Pre-judgment Writ of Attachment and Appointment of a Receiver ("Attachment Motion"). ECF No. 24. After a hearing held on April 8, 2021, this Court denied the relief requested in the Attachment Motion without prejudice. ECF No. 44. On March 7, 2021, the Debtors filed a motion to stay the Vandevco Proceeding, which this Court has not yet ruled upon and is being held in abeyance.

---

[13] The pending Multnomah Action was also removed to this Court and a similar Motion to Remand was filed and argued. The Court also entered an Order Denying Motion to Remand in this adversary proceeding on March 2, 2021. ECF No. 45 (Adv. No. 21-04001).

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 15

### 3.	**Cerner Motions to Compel Service of Process, Amend the Complaint, and Compel Discovery.**

Cerner has filed several other motions related to the Vandevco Proceeding including: 1) Motion for Leave to Amend and Supplement Complaint, ECF No. 52; 2) (A) Renewed Motion to Compel from Belbadi and (B) Motion to Compel Belbadi to Turnover Debtors' Books and Records, ECF No. 73; and 3) Motion for Alternative Service of Process on Belbadi, ECF No. 74. These matters are set for a status conference on July 29, 2021.

### 4.	**Motion to Dismiss and the Motion to Strike.**

#### a.	*Motion to Dismiss.*

On April 1, 2021, Belbadi filed the Motion to Dismiss. In the Motion to Dismiss, Belbadi seeks dismissal of the following: (1) dismissal of Belbadi from this adversary proceeding under Fed. Rule of Civ. Proc. 12(b)(2) for lack of quasi in rem jurisdiction; (2) dismissal of Cerner's quasi in rem "claims" under Fed. R. Civ. Proc. 12(b)(6); and (3) dismissal of the Vandevco Proceeding for forum non conveniens. ECF No. 35. The Motion to Dismiss was continued several times at the request of the Court and with the agreement of the parties. On May 20, 2021, Vandevco filed its Joinder to the Motion to Dismiss, supporting Belbadi's dismissal from the Vandevco Proceeding. ECF No. 47. Cerner filed an opposition to the requested relief, and both Belbadi and Vandevco filed replies. The parties submitted evidence in support of their positions. After the hearing on June 11, 2021, the Court took the matter under advisement.

#### b.	*Motion to Strike.*

Belbadi filed a Motion to Strike Certain Evidence Filed by Cerner in its Response to Motion to Dismiss ("Motion to Strike"). ECF No. 56. Cerner filed a response. ECF No. 57. At the June 11, 2021 hearing, the Court initially addressed each of the eight items Belbadi

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 16

Case 20-04077-MJH    Doc 90    Filed 07/28/21    Ent. 07/28/21 16:19:01    Pg. 16 of 42

sought to strike and subsequently entered an order resolving all remaining issues on the Motion to Strike as set forth below.

The first three items were unofficial transcripts from the Clark County Action, which Belbadi moved to strike under Fed. R. Evid. 802 (hearsay). At the June 11, 2021 hearing, the Court agreed that the unofficial transcripts were not properly before it as certified public records under Fed. R. Evid. 902 and temporarily struck the documents ("Unofficial Transcripts").

The fourth item was a UAE court document and English translation that was not certified or authenticated ("Translation"). Belbadi moved to strike under Fed. R. Evid. 901 (authentication) and Fed. R. Evid. 802. The Court ruled that the document and translation did not comply with Fed. R. Evid. 604 (interpreter) or Fed. R. Evid. 901, and granted Belbadi's Motion to Strike with regard to the Translation. The Court, however, provided Cerner the opportunity to certify and/or authenticate both the Unofficial Transcripts and Translation.

The Motion to Strike argued that the fifth item—a portion of the Gluck Declaration—was speculative and should be stricken under Fed. R. Evid. 602 (personal knowledge). The Court agreed and struck this evidence.

The Court denied Belbadi's Motion to Strike the sixth item, a 2015 Human Rights Report from the United States Department of State attached to the Gluck Declaration, ruling that it was admissible under the Fed. R. Evid. 803(8) (public records exception). The Court will weigh the credibility or relevance of this evidence.

The seventh item was a World Justice Project report, which Belbadi moved to strike under Fed. R. Evid. 802 and 401 (relevance). The Court granted the request, ruling that this did not come in under the public records exception.

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 17

Case 2:20-cv-04077-MJH   Doc 90   Filed 07/28/21   Ent. 07/28/21 16:19:01   Pg. 17 of 42

The eighth and final item was the Amended Complaint, for which, Cerner acknowledged it has not yet been given leave to file. In its response to the Motion to Strike and at the June 11, 2021 hearing, Cerner acknowledged that the Amended Complaint did not constitute evidence necessary to the Motion to Dismiss. Opposition to Motion to Strike 5:26, ECF No. 57. The Court granted the Motion to Strike, finding that the Amended Complaint was not properly before it.

On June 16, 2021, Cerner filed Notice of Intent to Submit Certified Transcripts and Translation ("Notice of Intent"). ECF No. 60. Thereafter, Cerner through its counsel refiled the Unofficial Transcripts[14] and Translation with additional certifications. Garfield Decl., ECF No. 66. Belbadi filed an additional objection and continued request to strike both the Unofficial Transcripts and Translation. ECF No. 78. On July 6, 2021, this Court entered an order striking the Unofficial Transcripts because they had not been certified so as to bring them within the public records hearsay objection. The Court denied the continued request to strike the Translation because it had been properly authenticated and certified by the translator as being a true and correct translation under established transcription standards. ECF No. 83.

## II. DISCUSSION AND CONCLUSIONS OF LAW

**A.   Introduction, Jurisdiction, and Preliminary Issues to the Motion to Dismiss.**

**1.   <u>Jurisdiction Over the Vandevco Proceeding and Consent of the Parties</u>.**

This Court has jurisdiction over the Vandevco Proceeding pursuant to 28 U.S.C. § 1334(b). The Vandevco Proceeding, which seeks entry of a judgment against Belbadi on amounts owing to Cerner under the Guarantees and entry of a prejudgment writ for the

---

[14] On June 16, 2021, Cerner re-filed a transcript for a hearing held January 27, 2020, in the Clark County Action. The Court notes that this transcript was not initially objected to by Belbadi in its Motion to Strike. However, it was objected to by Belbadi in its Obj. to Evidence Filed by Cerner. ECF No. 78.

MEMORANDUM DECISION ON BELBADI ENTERPRISES, LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND FORUM NON CONVENIENS - 18

Vandevco shares under non-bankruptcy law, is a related proceeding. *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (holding that an action is related to the case if it could conceivably have any effect on the case being administered). The parties have consented to the Court's entry of a final order and judgment on Belbadi's Motion to Dismiss.[15]

### 2. **The Impact of the Filing of the Bankruptcy Cases and the Cerner Claims Objection on the Litigation**.

This court has exclusive jurisdiction over all cases under title 11, including the Vandevco bankruptcy case. 28 U.S.C. § 1334(a). This grant of jurisdiction provides this Court with the authority to hear and finally determine "core proceedings," including the allowance or disallowance of claims against the Vandevco bankruptcy estate and the estimation of claims or interests for the purposes of confirming a plan under chapter 11. 28 U.S.C. § 157(b)(2)(B) & (L).

Additionally, commencement of the Vandevco bankruptcy case created a bankruptcy estate consisting of Vandevco's property, wherever located and by whomever held, as further defined in 11 U.S.C. § 541 ("Vandevco Estate"). It is further undisputed that this Court has exclusive in rem jurisdiction over all such estate property. 28 U.S.C. § 1334(e)(1).

Accordingly, the filing of the Vandevco bankruptcy case changed the means for resolving certain aspects of the removed Vandevco Proceeding. Quasi in rem personal jurisdiction over Belbadi was a requisite threshold issue in the Clark County Action to provide Cerner with access for recovery from Vandevco. This Court's exclusive in rem jurisdiction over the Vandevco Estate and the Vandevco bankruptcy case, including core matters arising under the Bankruptcy Code, provide this Court with an alternative means to resolve the

---

[15] While Belbadi provided its oral consent on the record at the June 11, 2021 hearing only for the Motion to Dismiss, both Cerner and Vandevco have consented to the Court's entry of final orders and judgments in the adversary proceeding. ECF Nos. 62 and 63.

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 19

Cerner Claims and right to payment from the Vandevco Estate without the need for entry of judgment on the Guarantees (i.e., the claims allowance process).

The bankruptcy claims allowance process is a flexible means to resolve Cerner's right to payment on account of the Cerner Claims from the Vandevco Estate without Belbadi's involvement or having to establish personal jurisdiction over Belbadi. Specifically, in the Cerner Claims Objection, the Debtors are obligated to raise all bases for challenging the Cerner Claims. This Court has the ability to make a binding determination as to the amount of the Cerner Claims and any right to payment from the Vandevco Estate through both the claims allowance process and chapter 11 case under the Bankruptcy Code and plan confirmation process. The claims allowance process also allows this Court to use burden-shifting tools and statutory authority, when appropriate, to estimate claims for distribution purposes within the confines of a confirmed plan of reorganization. In sum, the factual basis for asserted claims against Vandevco (i.e., the assertion that Vandevco is the alter ego of Belbadi), which was central to the Clark County Court's quasi in rem jurisdiction over Belbadi, is subsumed within the resolution of the Cerner Claims Objection. This, in turn, is circumscribed by this Court's in rem jurisdiction over estate property. Additional mechanisms also exist to protect Cerner against the dissipation of estate assets and to resolve the extent and nature of asserted claims and interests. What remains in the Vandevco Proceeding and is not covered by the Cerner Claims Objection is the central relief sought in the removed Verified Complaint: entry of a judgment against Belbadi on the Guarantees for the full amount owed to Cerner under the UAE Contract (i.e,. over $65 Million).

**3.** **Effect of Prior State Court Proceedings**.

Cerner initially argued that the Motion to Dismiss should be denied because these issues were previously heard and decided in the Clark County Action. However, in the Notice of Intent filed after the June 11, 2021 hearing, Cerner states:

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 20

Case 20-04077-MJH    Doc 90    Filed 07/28/21    Ent. 07/28/21 16:19:01    Pg. 20 of 42

Further, in connection with the Hearing and Cerner's opposition papers in response to the Motions, Cerner: (i) withdraws any statement that the Defendants' *forum non conveniens* motions were decided (as opposed to deferred) by the Washington Superior Court; and (ii) maintains its statements that the Washington Superior Court twice issued orders denying the Defendants' motion to dismiss and motion to vacate the TRO, respectively.

Notice of Intent 2:20–24, ECF No. 60.

The above statement withdrawing Cerner's prior contention that the forum non conveniens motions were denied, is consistent with the evidence provided, including the letters submitted to the Clark County Court by Cerner's counsel and counsel for the Defendants following the August 10, 2020 hearing. Haberthur Decl. Exs. B & C, ECF No. 54. Therefore, it is undisputed that the forum non conveniens motion was still pending in the Clark County Action when the bankruptcy petitions were filed.

The same is true of the motion to dismiss for lack of jurisdiction.[16] Cerner's statement maintaining its position that the Clark County Court "twice issued orders denying the Defendants' motion to dismiss and motion to vacate the TRO, respectively" does not appear to be in dispute. The Clark County Court entered an Order Granting Motion to Renew Temporary Restraining Order on April 7, 2020, and an Order Denying Defendants' Motion to Dismiss on April 17, 2020. Garfield Decl. Ex. 14, ECF No. 2–4; Garfield Decl. Ex. 6, ECF No. 51–7; Debtors' Reply, 4 n.1, ECF No. 53.

The fact that such orders were entered, however, does not alter this Court's determination that renewed motions were filed in the Clark County Action in August 2020 and the Clark County Court deferred a final decision on the dismissal motions based on forum non conveniens and lack of jurisdiction. The evidence further indicates that the Defendants'

---

[16] It is unclear from the Notice of Intent whether Cerner disputes this finding. Cerner limited its withdrawal to statements regarding the forum non conveniens motions only. Notice of Intent 2:20-24, ECF No. 60. For clarity, the Court reexamined the evidence to confirm that the motions to dismiss on both grounds were deferred.

MEMORANDUM DECISION ON BELBADI ENTERPRISES, LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND FORUM NON CONVENIENS - 21

Case 20-04077-MJH    Doc 90    Filed 07/28/21    Ent. 07/28/21 16:19:01    Pg. 21 of 42

motions to dismiss for forum non conveniens *and* lack of jurisdiction both were still pending

when the bankruptcy petitions were filed.[17] Again, this also is consistent with the letter

submitted by Cerner's counsel to the Clark County Court dated September 24, 2020, where

he stated: "Defendants' two other motions—one to dismiss for lack of jurisdiction and a

second a renewed motion to dismiss for forum non conveniens—will similarly best be

resolved after completion of the jurisdictional evidence—and they are ultimately without merit

and contrary to established law." Haberthur Decl. Ex. C, ECF No. 54-3. Accordingly, the Court

finds that even though the Clark County Court entered an order on April 16, 2020, denying a

motion to dismiss, the motion to dismiss was refiled and still pending on both grounds at the

time of the bankruptcy filing.

In addition, even if these motions had not been deferred, the Defendants are correct

that this Court can modify any such orders. A denial of a motion to dismiss is an interlocutory

order that may be revised at any time before entry of a final order or judgment. Fed. R. Civ. P.

54(b), incorporated into adversary proceedings by Fed. R. Bankr. P. 7054. Nor would such

orders raise any issue or claim preclusion concerns. In addition, Fed. R. Bankr. P. 9027(i)

provides: "All injunctions issued, orders entered, and other proceedings had prior to removal

shall remain in full force and effect *until dissolved or modified by the court.*" (emphasis

added). The purpose of Rule 9027 is to preserve continuity when a civil action is removed to

federal court. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck

Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439, (1974). Rule 9027 admittedly

serves an important purpose in this case, particularly for Cerner, as it allowed for the

---

[17] While not properly before the Court, the Court acknowledges that Cerner's unofficial transcript of the
September 25, 2020 hearing in the Clark County Court is consistent with the evidence. Garfield Decl. Ex. 8,
ECF No. 17-9. It appears Cerner will not be filing an official transcript of this hearing. This transcript, however, is
not necessary for the Court's factual determination in light of the substantial evidence in the record.

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 22

Case 20-04077-MJH    Doc 90    Filed 07/28/21    Ent. 07/28/21 16:19:01    Pg. 22 of 42

continued validity of the TRO. However, as the plain language of the statute makes clear, and as this Court did with the TRO to allow funds to be moved to the Court registry, this Court can dissolve or modify such pre-removal orders. *See, e.g., Cattell v. Deeks (In re Cattell)*, 19-33823-dwh13, 2021 WL 1100068 at *6 (Bankr. D. Or. March 22, 2021) (stating "Ninth Circuit case law does not appear to support the concept of pre-appeal law of the case, at least in civil actions."). Based on the evidence in the record, the Court finds that there is no binding order in the Clark County Action that prevents this Court from ruling on the Motion to Dismiss.

It is with the foregoing preliminary considerations in mind that the Court decides the Motion to Dismiss the Vandevco Proceeding, focusing first on the grounds of forum non conveniens.

**B.    Motion to Dismiss for Forum Non Conveniens.**

      **1.    <u>Burden of Proof and Standard - in General</u>.**

Belbadi and Vandevco seek dismissal of this Vandevco Proceeding under the doctrine of forum non conveniens. A party moving to dismiss based on forum non conveniens bears a heavy burden of demonstrating that (1) an adequate alternative forum exists, and (2) the balance of private and public interest factors favors dismissal. *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011). While a court's inquiry on a motion to dismiss for forum non conveniens does not require extensive investigation, the court may resolve the motion on affidavits or other evidence submitted by the parties, particularly the defendant in attempting to meet its heavy burden establishing that an adequate and alternate forum exists. *See Van Cauwenberghe v. Biard*, 486 U.S. 517, 529 (1988); *Deb. v. Sirva, Inc.*, 832 F.3d 800, 810 (7th Cir. 2016).

MEMORANDUM DECISION ON BELBADI ENTERPRISES, LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND FORUM NON CONVENIENS - 23

Case 20-04077-MJH    Doc 90    Filed 07/28/21    Ent. 07/28/21 16:19:01    Pg. 23 of 42

The decision to dismiss a case based on forum non conveniens is committed to the sound discretion of this Court, which is reversable only for abuse of discretion. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). The central focus of the doctrine, as the name implies, is convenience—namely the greater convenience of an available alternative forum with jurisdiction based on the balancing of public and private interest factors. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429-30 (2007).

The Supreme Court in *Piper Aircraft* articulated the proper balance warranting dismissal as follows:

> "[A] plaintiff's choice of forum should rarely be disturbed. However, when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would 'establish...oppressiveness and vexation to a defendant...out of all proportion to plaintiff's convenience,' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems,' the court may, in the exercise of its sound discretion, dismiss the case."

*Piper Aircraft*, 454 U.S. at 241 (quoting *Koster v. (American) Lumbermans Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)).

"To guide the parties, courts have provided a list of 'private interest factors' affecting the convenience of the litigants, and a list of 'public interest factors' affecting the convenience of the forum." *Piper Aircraft*, 454 U.S. at 241 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)).

The Court in *Piper Aircraft* further noted that the balancing of public and private interests must remain flexible with no one public or private factor being dispositive. The *Piper Aircraft* Court also relied on the *Gilbert* Court's refusal to identify specific circumstances "which will justify or require either grant or denial of remedy." *Piper Aircraft*, 454 U.S. at 249

MEMORANDUM DECISION ON BELBADI ENTERPRISES, LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND FORUM NON CONVENIENS - 24

Case 20-04077-MJH    Doc 90    Filed 07/28/21    Ent. 07/28/21 16:19:01    Pg. 24 of 42

(quoting *Gilbert*, 330 U.S. at 508). Accordingly, a court's evaluation of a forum non conveniens motion turns on its facts. *Van Cauwenberghe*, 486 U.S. at 529.

### 2.   **Timing of the Motion.**

The Motion to Dismiss was filed approximately fifty-six months following the filing of the Verified Complaint in the Clark County Action and almost a month after the request to remand was denied in the Vandevco Proceeding. There are no time limits for motions to dismiss based on forum non conveniens. 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice & Proced.* § 3828 (4th ed.). However, some courts have considered delay in bringing a forum non conveniens motion as a factor relevant to the convenience analysis where such delay was the fault of a defendant or where the delay would unduly prejudice the plaintiff. Under the facts of this case, the Court finds neither undue delay by the Defendants nor undue prejudice to Cerner. The Defendants consistently pursued their arguments as to lack of personal jurisdiction and the inconvenience of the forum throughout the litigation and were delayed in the final resolution by court scheduling, appeals by both parties, and the interconnection between the jurisdictional issues and the underlying alter ego claims. Furthermore, the Court does not find any prejudice to Cerner due to the availability of alternative mechanisms that are already proceeding, including the claims process, to resolve Cerner's right to distribution from the Vandevco Estate. Any potential prejudice also is mitigated by the conditions to this Court's decision as set forth *infra*. Accordingly, the timing of the Motion to Dismiss is not a factor in this Court's determination.

### 3.   **Plaintiff's Choice of Forum.**

Although courts generally give substantial deference to a plaintiff's choice of forum, both the Supreme Court and the Ninth Circuit recognize that deference is limited when, as in this case, the plaintiff is a foreign plaintiff. As the Supreme Court stated:

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 25

Case 20-04077-MJH    Doc 90    Filed 07/28/21    Ent. 07/28/21 16:19:01    Pg. 25 of 42

A defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum. When the plaintiff's choice is not its home forum, however, the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'

*Sinochem*, 549 U.S. at 430 (quoting *Piper Aircraft*, 454 U.S. at 255-56 (1994)).

Here, Cerner argues that the substantial presumption in favor of its choice of forum applies. Cerner's argument, however, ignores the critical fact that (1) it is incorporated in the Cayman Islands, (2) it does business primarily in the Middle East and Africa, Elhindi Decl. ¶ 9, ECF No. 36, and (3) Cerner consented to jurisdiction in the UAE when it signed the Guarantees. Based on these facts, the Court finds that Cerner's choice of forum is entitled to little deference.

Cerner contends that the burden to obtain dismissal under forum non conveniens is more onerous in bankruptcy court because one of the primary objectives of the Bankruptcy Code is to centralize disputes concerning a debtor's legal obligations and protect debtors and creditors from piecemeal litigation. *See* Cerner Opposition to Motion to Dismiss 19-20, ECF No. 50, and the cases cited therein. This objective, however, does not compel the bankruptcy court—nor indeed give the court jurisdiction—to decide every possible dispute raised in the bankruptcy court. There are many situations where the bankruptcy court either declines to, or is unable to determine a matter, such as personal injury tort and wrongful death claims. *See* 28 U.S.C. § 157(b)(5). The cases cited by Cerner do not stand for the proposition that all disputes raised in the bankruptcy court must be adjudicated therein. See *In re Cuzco Dev. U.S.A., LLC*, 585 BR 870, 878 (D. Haw. 2018); *Pierce v. Carson (In re Rader)*, 488 B.R. 406, 416 (9th Cir. BAP 2013).

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 26

Case 20-04077-MJH    Doc 90    Filed 07/28/21    Ent. 07/28/21 16:19:01    Pg. 26 of 42

Additionally, as previously noted, the claims objection process is the mechanism to determine a claimant's right to receive payment from the debtor's estate. The Court has scheduled a multi-day evidentiary hearing on the Cerner Claims Objection. The adversary proceeding as it relates to Vandevco and the Vandevco assets has primarily been subsumed by parallel proceedings. Through these proceedings, the Court will determine whether and to what extent Cerner has a right to payment from the Vandevco Estate assets, the only assets over which the Court has in rem jurisdiction. The Motion to Dismiss does not alter this fundamental role of the Court.

4. **An Available and Adequate Alternative Forum in the UAE Exists**.

a. ***Standards for Availability and Adequacy - in General.***

The baseline inquiry for a forum non conveniens determination is whether an available and adequate alternative forum exists. *Piper Aircraft*, 454 U.S. at 254. An alternative forum generally is deemed available if the case and all of the parties come within that alternative court's jurisdiction, *Gutierrez v. Advanced Med. Optics, Inc.*, 640 F.3d 1025, 1029 (9th Cir. 2011), and such forum will be found adequate if the forum provides "some remedy" for the wrong at issue. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001). "This test is easy to pass; typically, a forum will be inadequate only where the remedy provided is 'so clearly inadequate or unsatisfactory, that it is no remedy at all.'" *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1178 (9th Cir. 2006) (quoting *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 765, 768 (9th Cir. 1991) (internal quotations omitted)); *see also Piper Aircraft*, 454 U.S. 254-260 (holding it was improper to give substantial weight to the possibility of an unfavorable change in law because doing so would render the doctrine a nullity since plaintiffs naturally select the most favorable forum). Additionally, general

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 27

Case 20-04077-MJH    Doc 90    Filed 07/28/21    Ent. 07/28/21 16:19:01    Pg. 27 of 42

accusation of corruption, delay, or other problems with the alternative forum's judicial system normally will not suffice. *See, e.g., Tuazon*, 433 F.3d at 1179.

### b. Availability of UAE as an Alternative Forum Under the Facts of This Case.

Here the alternative available forum is the UAE. Although the parties disagree as to whether the Guarantees grant exclusive jurisdiction to resolve all disputes in the UAE, it is undisputed that Cerner and Belbadi consented to jurisdiction in the UAE.[18] Thus, the UAE has jurisdiction over the dispute as between Cerner and Belbadi related to liability under the Guarantees. At the same time, Cerner and Belbadi contracted to have UAE law apply.

Cerner argues that the UAE is not an adequate alternative forum because Vandevco is not subject to jurisdiction in the UAE. As stated above, an alternate forum exists when the entire case and all parties are within the jurisdiction of that forum. The Court is very cognizant of this consideration and carefully examined its purpose within the confines of the forum non conveniens analysis and the current posture of the Vandevco bankruptcy case.

As noted above, the landscape over this dispute significantly changed with the bankruptcy filing. The core claim asserted in the Verified Complaint is a breach of contract dispute (Counts 1 and 2) to establish liability between Cerner and Belbadi on the Guarantees. It is uncontested that Vandevco is not a necessary party to the breach of contract dispute. Vandevco is not explicitly mentioned in the Guarantees, nor was it a signatory, and there is no evidence that Vandevco has ever conducted any business with Cerner or in the UAE. These facts are undisputed. Thus, Vandevco's only possible connection to Cerner is as a source of

---

[18] If it was undisputed that the Guarantees grant exclusive jurisdiction in the UAE, the Supreme Court holds that the forum non conveniens analysis changes and this Court would not consider the private interest factors. *See Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western Dist. of Texas*, 571 U.S. 49, 58-59 (2013). However, as this is in dispute, this Court will consider both the private and public interest factors.

MEMORANDUM DECISION ON BELBADI ENTERPRISES, LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND FORUM NON CONVENIENS - 28

Case 20-04077-MJH    Doc 90    Filed 07/28/21    Ent. 07/28/21 16:19:01    Pg. 28 of 42

payment *if* Cerner establishes Belbadi breached the Guarantees and *if* Cerner establishes that Vandevco is liable for Belbadi's debts. The claims objection process has removed this issue from the analysis.

As recognized by the Supreme Court in *Gutierrez*, "[a]t its core, the doctrine of *forum non conveniens* is concerned with fairness to the parties." *Gutierrez*, 640 F.3d at 1030 (citing *Piper Aircraft*, 454 U.S. at 255). Although Vandevco may not be subject to the jurisdiction of the UAE courts, this case is unique in that Vandevco is subject to the exclusive jurisdiction of the bankruptcy court. Any direct relief Cerner is seeking against the Vandevco Estate (including the Vandevco subsidiaries shares) in the adversary proceeding can be awarded by this Court and is already the subject of the upcoming evidentiary hearing on the Cerner Claims Objection. Although the Court is not aware of a case raising this exact scenario, it is not that different from the situation faced by the District Court for the Southern District of New York in *Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.*, 806 F.Supp.2d 712 (S.D.N.Y. 2011). In *Erausquin*, the District Court severed claims pursuant to Fed. R. Civ. P. 7021 against an individual that the District Court characterized as a "nominal defendant," in order to facilitate a forum non conveniens dismissal. *Erausquin*, 806 F.Supp.2d at 722-23 (noting the propriety of severing claims against a nominal defendant whose dominant purpose in the litigation appeared to be the creation of jurisdiction). Although this Court is not technically severing Cerner's claims against Vandevco, the parallel proceedings available to Cerner in the bankruptcy court have the same effect. Assuming the other considerations weigh in favor of dismissal, it is not "unfair" to Cerner to dismiss this adversary proceeding because, between

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 29

Case 20-04077-MJH    Doc 90    Filed 07/28/21    Ent. 07/28/21 16:19:01    Pg. 29 of 42

the UAE and the bankruptcy court, an adequate alternate forum exists to provide Cerner complete relief.[19]

In conclusion, based on the foregoing, this Court finds that under the facts of this case, the UAE is an available forum with jurisdiction over the necessary parties to obtain judgment on the Guarantees.

### c.    *Adequacy of the UAE Under the Facts of This Case*.

Cerner further contends that the UAE is not an available forum because the UAE courts will not enter an attachment or other order affecting property or parties outside the UAE. This is at best a red herring as courts in most jurisdictions, including the United States, will not issue attachment orders outside of their territorial jurisdiction. The Defendants are correct that such remedies likely will be available if, for instance, Cerner obtains a judgment in the UAE and domesticates it within the United States. Furthermore, as noted above, the Supreme Court has made it abundantly clear that any differences in the alternative forum law is not dispositive on the issue of an available forum unless it is so inadequate as to provide no remedy at all.

Relying on the Amended Affidavit of James Fox[20] dated August 7, 2020, Cerner also argues that the UAE is an inadequate forum because Belbadi's owner is related to the UAE's Minister of Justice, thus it will be treated unfairly or deprived of any remedy. Within his August 7, 2020 affidavit, Mr. Fox opines that "Cerner is understandably concerned that it will be

---

[19] The Court also is cognizant of Cerner's pending Motion for Leave to Amend and Supplement Complaint ("Motion to Amend Complaint"). ECF No. 52. Although leave to amend has not yet been argued, the Court did consider the effect of the Motion to Amend Complaint on the Motion to Dismiss and determined that even if allowed, it would not alter the Court's determination.

[20] Mr. Fox identifies his credentials as follows: "I am Middle East Head of Dispute Resolution for DWF (Middle East) LLP, a Solicitor of the Senior Courts of England and Wales, registered practitioner by the Dubai Legal Affairs Department and have practiced in the United Arab Emirates (the 'UAE') for in excess of 12 years. I am counsel for Cerner Middle East Limited ('Cerner')." Garfield Decl. Ex 13, Fox Am. Affid. ¶ 2, ECF 51-14.

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 30

subjected to bias as Mr. Al Dhaheri, the sole shareholder of Belbadi (an extremely influential individual in his own right), is the brother of the UAE's Minister of Justice." Garfield Decl. Ex 13, Fox Am. Affid. ¶ 59, ECF 51–14. However, in a subsequent affidavit, Mr. Fox clarified that the foregoing statement only reflected the position of his client. In the Affidavit of James Fox dated August 12, 2020, Mr. Fox states, in part:

> 7.      For the avoidance of any doubt, **I hold the UAE, its legal system and the Minister of Justice in the very highest regard. I have made no criticism of either the UAE legal system or the Minister of Justice. That is certainly not what the Affidavit says nor is it what is intended by my words. Further I note that I have made no criticism of Mr Al Dhaheri.**

> 8. Paragraph 59 expresses Cerner's position <u>and does not express my personal point of view</u>. I state expressly in the Affidavit that *"I am counsel for Cerner Middle East Limited".* As an attorney acting for Cerner I simply stated Cerner's concern. It is my duty to present this position honestly. That this was Cerner's concern is made clear in the Affidavit. The Affidavit is not intended to and indeed does not comment on the veracity of the same.

> 9. That said, any attempt to construe Paragraph 59 as *"abuse"* against or criticism of the UAE legal system and/or the Minister of Justice, either by Cerner or the undersigned is incorrect and is expressly denied.

Haberthur Decl. Ex A, Fox Affid. ¶ 7–9, ECF No. 54-1.

The two affidavits taken together at most establish that Cerner is concerned about receiving a fair trial, but they do not constitute evidence that Cerner will in fact receive unfair treatment. Moreover, Cerner fails to acknowledge that it recently has participated and prevailed in at least two civil proceedings involving Belbadi in the UAE, both of which stem from the Guarantees and applied UAE law. *See supra* Section I.B.5.[21] Cerner has failed to put

---

[21] As set forth prior, Cerner also initiated two arbitrations against iCapital and Dhaheri based on the contract entered between the parties in the UAE, ultimately prevailing. But these were adjudicated under the rules of the ICC in Paris, France, in accordance with the laws of the State of Missouri. The Verified Complaint also references several additional proceedings in the UAE where Cerner obtained favorable rulings. Verified Complaint 11:25-26 to 12:1-19; ECF No. 4-2.

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 31

Case 2:20-cv-04077-MJH   Doc 90   Filed 07/28/21   Ent. 07/28/21 16:19:01   Pg. 31 of 42

forth any evidence—as opposed to speculation—that it would be subjected to unfair treatment in the UAE or unable to obtain a judgment from a UAE court.

The Court also is aware of Mr. Fox's statements in his August 7, 2020 affidavit concerning the alleged limitations of the UAE judiciary system, including lack of attorney's fees; lower legal interest awarded; reluctance of UAE courts to issue attachment orders; numerous stages of judicial review; and differences in rules of evidence. Garfield Decl. Ex 13, Fox Am. Affid. ¶ 51–58, ECF 51-14. As set forth above, however, "the fact that the substantive law may be less favorable is relevant only if it would completely deprive plaintiffs of any remedy or result in unfair treatment." *Tuazon*, 433 F.3d at 1178. There is nothing in the record to support a finding that the UAE would completely deprive Cerner of any remedy or result in unfair treatment. Further, as noted above, at least as it concerns Vandevco, the bankruptcy process provides a remedy once liability on the Guarantees has been established. Accordingly, an adequate alternate forum exists in the UAE.

In sum, based on the facts of this case, the Defendants have satisfied their burden of showing that the UAE is an adequate alternative forum for obtaining a judgment on the Guarantees. Even when an adequate alternative forum exists, however, courts will not disturb the plaintiff's original choice of forum "unless the "'private interest' and the 'public interest' factors strongly favor trial in a foreign country." *Lueck*, 236 F.3d at 1146 (quoting *Gilbert*, 330 U.S. at 509). "'[I]f the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper.'" *Lockman Found.*, 930 F.2d at 767 (quoting *Piper Aircraft*, 454 U.S. at 255 n.23).

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 32

Case 20-04077-MJH    Doc 90    Filed 07/28/21    Ent. 07/28/21 16:19:01    Pg. 32 of 42

**5.** **Private Interest Factors Weigh in Favor of Forum in the UAE.**

  ***a.*** ***Summary of Private Interest Factors.***

  Factors relating to the private interests of the litigants include: (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious. and inexpensive. *Boston Telecomms. Grp. v. Wood*, 588 F.3d 1201, 1206-07 (9th Cir. 2009).

  ***b.*** ***First Factor – residence of the parties and witnesses.***

  This factor weighs heavily in favor of the UAE. Cerner is a Cayman Island company operating predominantly in the Middle East and Africa. Belbadi is a UAE company operating exclusively in the Middle East. The Guarantees at issue undisputedly are governed by UAE law. The law firms used by both parties to negotiate and draft the Guarantees are located in the Middle East, as is Belbadi's sole member and shareholder, Dhaheri. Elhindi Decl. ¶ 14, ECF No. 36. One of Cerner's declarants in the Clark County Action agrees that the witnesses with personal knowledge of negotiating and drafting the Guarantees are in the UAE, where the negotiations occurred. Belbadi Reply, Sara Meinhard Decl. ¶ 2 & Ex. A, ECF No. 55. Although Vandevco is located in Washington, it is not a party to the Guarantees, and for the reasons set forth *supra* is not a necessary party to any action to determine Belbadi's liability to Cerner under the Guarantees.

  Cerner alleges that many of the relevant witnesses, other than Dhaheri, are located outside the UAE, and specifically names Kenton Barnes, Chad Eiken, Clyde Holland, Nawzad Othman, and Ziad Elhindi. Cerner Opposition to Motion to Dismiss 22:16–18, ECF No. 50. At

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 33

Case 20-04077-MJH   Doc 90   Filed 07/28/21   Ent. 07/28/21 16:19:01   Pg. 33 of 42

the June 11, 2021 hearing, Cerner's counsel also stressed that Greg White, Cerner's former Vice President and Managing Director, resides outside the UAE. There is no evidence, however, that such witnesses, other than potentially Elhindi and White, have any personal knowledge relevant to the dispute between Cerner and Belbadi. The testimony of these witnesses admittedly is relevant to Cerner's collection claims against Vandevco, including the alter ego claims; Cerner will have the opportunity to elicit such testimony in the evidentiary hearing presently scheduled before this Court in the context of the claims objection proceedings. There is no allegation, however, that the testimony of the majority of these witnesses would have any bearing on adjudicating the contractual dispute under the Guarantees between Cerner and Belbadi or the underlying UAE Contract (i.e., the obligation guaranteed). The first factor weighs in favor of the UAE.

### c.   Second Factor – convenience to the litigants.

This factor also weighs in favor of the UAE for each of the reasons listed above. As foreign entities with close ties to the UAE, the UAE is a more convenient forum to litigate the dispute between Cerner and Belbadi than the bankruptcy court in the Western District of Washington.

### d.   Third Factor – access to evidence.

This factor also weighs in favor of the UAE. The uncontradicted evidence presented establishes that the majority of the material witnesses and documents are located outside Washington State, and primarily in the UAE. Again, the documents Cerner alleges are essential to this case—the IOLTA, documents in the possession of the City of Vancouver, and remaining production from Barnes—are not relevant to the dispute between Cerner and

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 34

Case 20-04077-MJH    Doc 90    Filed 07/28/21    Ent. 07/28/21 16:19:01    Pg. 34 of 42

Belbadi for breach of contract under the Guarantees and may be used in the bankruptcy case to pursue the Cerner Claims and other relief for payment from the Vandevco Estate.

### e. *Fourth Factor – compelling witnesses to testify.*

This factor also weighs in favor of the UAE. Cerner has spent years trying to establish jurisdiction over Belbadi and Dhaheri, who admittedly is a key witness, in domestic federal and state courts with little success. It is undisputed that jurisdiction over the contractual dispute exists in the UAE and that Dhaheri is a resident of the UAE. Additionally, as stated above, most of the relevant fact witnesses are in the UAE. This Court's ability to compel such witnesses including Dhaheri either to appear or testify is extremely unlikely, as is evidenced by Cerner's prior failed attempts to depose Dhaheri or compel his appearance in the Clark County Action and other cases against iCapital. A detailed history of such attempts is set forth in Cerner's (A) Renewed Motion to Compel Discovery from Belbadi and (B) Motion to Compel Belbadi to Turnover Debtors' Books and Records ("Renewed Motion to Compel") and Cerner's Motion for Alternative Service of Process on Belbadi ("Motion for Alternative Service") and declarations filed in support, including the affidavits of James Fox. Renewed Motion to Compel, ECF No. 73; Motion for Alternative Service, ECF No. 74; and Fox Affids. Exs. 1 & 2 to Garfield Decl., ECF No. 74-1. By contrast, a court in the UAE can compel the appearance of Dhaheri and other key witnesses who live in and are citizens of the UAE.

### f. *Fifth Factor – cost of bringing witnesses to trial.*

This factor weighs in favor of dismissal. Even if this Court could compel foreign citizens to appear before it, the cost to bring them to Washington State to testify would be prohibitive. The Court also takes judicial notice of the ongoing pandemic and its impact on global travel. This lends additional weight in favor of dismissal for forum non conveniens.

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 35

Case 20-04077-MJH    Doc 90    Filed 07/28/21    Ent. 07/28/21 16:19:01    Pg. 35 of 42

### g. Sixth Factor – enforceability of the judgment.

Cerner fails to address this factor in its response, but this Court agrees with Belbadi that it favors dismissal. If a judgment is rendered in Cerner's favor in the UAE, procedures exist in the United States, including through this bankruptcy case, for seeking enforcement. For instance, both the existing Clark County Court TRO and 11 U.S.C. § 1141(b) provide the Court the means to protect any potential interest Cerner may establish in Vandevco's assets, even after a plan is confirmed.

### h. Seventh Factor – other practical problems.

Belbadi points to the cost of interpretive services and services needed to translate documents from Arabic to English. While it is true that courts in the United States, including this Court, often preside over cases involving foreign parties and are well suited to resolve these disputes, the Court acknowledges that the need for interpreters and translation services provides additional complications. These include the potential for mistakes, as the difference between the English and Arabic versions of the Guarantees illustrates, as well as additional costs. Although not a dispositive factor, such complications weigh in favor of the UAE.

Accordingly, for each of the reasons set forth above, this Court determines that each of the private interest factors weigh heavily in favor of dismissing Cerner's breach of contract claims against Belbadi.

### 6. Public Interest Factors Weigh in Favor of Forum in the UAE.

### a. Summary of Public Interest Factors.

The public interest factors include: (1) the local interest in the lawsuit; (2) the court's familiarity with the governing law; (3) the burden on local courts and juries; (4) congestion in

the court; and (5) the costs of resolving a dispute unrelated to a particular forum. *Tuazon*, 433 F.3d at 1181.

### b. First Factor – local interest in the lawsuit.

The local interest factor focuses on whether the forum in which the lawsuit was filed has its own identifiable interest in the litigation that can justify proceedings as opposed to how well-equipped a jurisdiction is to handle a case. *See, e.g.*, *Carijano*, 643 F.3d at 1232. Although this Court clearly has an interest in the assets of Vandevco, with exclusive jurisdiction over the assets of the bankruptcy estate, this Court has no identifiable interest in the primary litigation between Cerner and Belbadi—two foreign corporations that negotiated and entered into commercial contracts in the UAE under UAE law. To the extent Belbadi is using this Court to attempt to evade a creditor headquartered in the United States through use of an alter ego, as Cerner contends, the issues of direct access to the Vandevco Estate will be addressed and adjudicated by this Court within the claims objection process, and Cerner has other means within the bankruptcy process to protect itself. Should Cerner prevail, Cerner will be provided relief from Vandevco's Estate through a confirmed plan. This does not, however, somehow create an interest for Washington State in the breach of contract claim between Cerner and Belbadi.

Conversely, the UAE likely has a strong interest in this litigation. The contract was negotiated and entered into in the UAE. It is governed by UAE law. One of the contracting parties is a UAE corporation, and the other is a foreign corporation that conducts business primarily, if not exclusively, in the Middle East and Africa. Further, the majority of the witnesses and evidence at the center of the controversy are in the UAE. Finally, both parties consented to jurisdiction in the UAE. The Court finds that this public interest factor favors

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 37

Case 20-04077-MJH    Doc 90    Filed 07/28/21    Ent. 07/28/21 16:19:01    Pg. 37 of 42

litigation in the UAE. *See Piper Aircraft*, 454 U.S. at 260 (where the U.S. Supreme Court determined that the public interest factors favored trial in Scotland rather than the U.S. District Court, since the underlying accident occurred there, all decedents were Scottish, and all potential plaintiffs and defendants were Scottish or English).

### c.    Second Factor – familiarity with governing law.

The governing law factor looks at a court's familiarity with the governing law—here, the law governing the Guarantees between Cerner and Belbadi. It is undisputed that the Guarantees are explicitly governed by UAE law, which is written in Arabic. "Many *forum non conveniens* decisions have held that the need to apply foreign law favors dismissal." *Piper Aircraft*, 454 U.S. at 260 n.29 (citing cases holding as such). This factor alone, however, "is not sufficient to warrant dismissal when a balancing of all relevant factors shows that the plaintiff's chosen forum is appropriate." *Piper Aircraft*, 454 U.S. at 260 n.29.

The Court admittedly is not familiar with UAE law, and reading, understanding, and applying UAE law—written in Arabic—would require translators and research platforms this Court currently does not utilize. Furthermore, the Court recognizes that its lack of familiarity with the UAE law and legal system may impact its ability to effectively and efficiently adjudicate the contract breach. While this alone is not determinative, it does weigh in favor of dismissal.

### d.    Third Factor – burden on local courts and juries.

There is no dispute that adjudicating a foreign breach of contract claim with foreign law would create challenges for the Court and its staff. The Court, however, is well equipped for such challenges both in terms of its access to personnel as well as infrastructure. This is particularly so since the Guarantees do not provide for a jury trial. This factor is neutral.

MEMORANDUM DECISION ON BELBADI ENTERPRISES, LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND FORUM NON CONVENIENS - 38

Case 2:20-cv-04077-MJH   Doc 90   Filed 07/28/21   Ent. 07/28/21 16:19:01   Pg. 38 of 42

### e. Fourth Factor – congestion in the court.

Belbadi acknowledges that this factor is neutral, as there is no evidence that this Court is more or less congested than the UAE courts. The Court agrees.

### f. Fifth Factor – costs of resolving a dispute unrelated to a particular forum.

Cerner argues that this factor is inapplicable because it pertains to costs associated with "unrelated disputes." Cerner Opposition to Motion to Dismiss 24:18-20, ECF No. 50. For the reasons stated *supra*, Cerner's breach of contract suit against Belbadi is unrelated to this Court's administration of Vandevco's assets within the bankruptcy case. The cost to litigate the contract case in this forum would be tremendous with respect to witnesses, evidence, and court resources. *See Piper Aircraft*, 454 U.S. at 260 (finding that the American interest in an accident that occurred in Scotland was "simply not sufficient to justify the enormous commitment of judicial time and resources that would inevitably be required if the case were to be tried here."). The fifth public factor weighs in favor of dismissal.

### 7. <u>Conclusion on Motion to Dismiss for Forum Non Conveniens</u>.

Based on a careful consideration of each of the factors above, the Court concludes that the balance of private and public interest factors weighs heavily against maintaining Cerner's action in this Court. The core action of the Verified Complaint is Counts 1 and 2, which seeks a judgment against foreign corporations, involving a foreign contract, applying foreign law in a foreign language, and testimony by foreign witnesses. While this Court may be able to adjudicate the matter, it would require significant time and resources. Further, it likely would not lead to the best and most efficient resolution since it would require translating Arabic and applying UAE law. The UAE is far better suited and more convenient to all involved, including Cerner. Trying the case in the UAE also will eliminate the need for the parties to litigate the

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 39

Case 20-04077-MJH    Doc 90    Filed 07/28/21    Ent. 07/28/21 16:19:01    Pg. 39 of 42

exclusiveness of the jurisdiction clause within the Guarantees. Therefore, any deference accorded to Cerner's choice of forum is overcome.

It is also within this Court's discretion to place conditions on a forum non conveniens dismissal. *Gutierrez*, 640 F.3d at 1031 (citing *Leetsch v. Freedman*, 260 F.3d 1100, 1103-04 (9th Cir. 2001). In an effort to prevent further unnecessary delay and to provide further protections to Cerner and minimize any prejudice, the Court concludes that it is appropriate to place conditions on dismissal of this adversary proceeding. This Court includes as a condition of dismissal that Belbadi agree to submit to the jurisdiction of the UAE and waive any statute of limitations or jurisdictional defenses. *See, e.g., Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1235 (9th Cir. 2011) (recognizing that courts have the discretion to condition forum non conveniens dismissals on waiver of any statute of limitations defenses); *see also* Belbadi's Reply 12:16, ECF No. 55 (dismissal from this court would be "without prejudice, of course, to filing in the UAE"). Belbadi also must agree, subject to the practice and procedures of the UAE courts, to not object to the use in a UAE action of all discovery produced in this adversary proceeding or in the Clark County Action. This includes all factual discovery and all expert reports. Belbadi shall file a written status report within 14 days of the entry of this Memorandum Decision indicating whether it agrees to these conditions. If such conditions are accepted, the Court will enter an order dismissing this adversary proceeding for forum non conveniens.

**C.    Motion to Dismiss for Lack of Jurisdiction.**

Belbadi also requests the Court dismiss it from this adversary proceeding for lack of

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 40

jurisdiction under Fed. R. Civ. P. 12(b)(2).[22] This threshold jurisdictional analysis has been at the center of the litigation between these parties in each of the available forums thus far. This Court determines that the appropriate course of action in this proceeding is to dismiss on forum non conveniens without ruling on the jurisdictional issues.

The Supreme Court has held that resolution of jurisdictional issues is not a prerequisite to dismissal for forum non conveniens. *Sinochem*, 549 U.S. at 435; *Carijano*, 643 F.3d at 1227-28. In *Sinochem*, the Supreme Court explained:

> We hold that a district court has discretion to respond at once to a defendant's *forum non conveniens* plea, and need not take up first any other threshold objection. In particular, a court need not resolve whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case.

*Sinochem*, 549 U.S. at 425.

Although a federal court generally may not rule on the merits of a case without first determining jurisdiction, there is no similar requirement when considering non-merits issues. Forum non conveniens is a non-merits grounds for dismissal. The Supreme Court further explained that "[r]esolving a forum non conveniens motion does not entail any assumption by the court of substantive 'law-declaring power.'" *Sinochem*, 549 U.S. at 433. In cases such as *Sinochem*, where jurisdiction is difficult to determine and "forum non conveniens considerations weigh heavily in favor or dismissal, the court properly takes the less burdensome course." *Sinochem*, 549 U.S. at 436.

_____

[22] Additionally, Belbadi seeks dismissal of Cerner's quasi in rem "claim" under Fed. R. Civ. P. 12(b)(6), applicable by Fed. R. Bankr. P. 7012. In light of the Court's decision to dismiss on forum non conveniens, the Court need not address this issue, which in any event, does not appear to be challenged by Cerner. Cerner's Opposition to Motion to Dismiss 7:22-25, ECF No. 50.

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 41

The parties agree, and the record is clear, that whether this Court has jurisdiction over Belbadi for the breach of overdue and future amounts on the Guarantees (Counts I and II) is a difficult determination. This stems primarily from the fact that Belbadi is a UAE corporation, with a UAE owner, who does business primarily, if not exclusively, in the UAE. Further complicating the issue is the fact that Vandevco is not a party to the Guarantees; Belbadi is an upstream "parent" of Vandevco, separated by three distinct legal entities; and Cerner does not have a judgment against Belbadi. This very issue has been the subject of extensive and exhaustive litigation in both the state trial and appellate courts and the federal district and appellate courts for almost five years. As Belbadi meets the heavy burden of establishing forum non conveniens, this Court has chosen to take this less burdensome approach. For reasons set forth *supra*, the Court concludes it is unnecessary to decide jurisdiction, and subject to the conditions set forth above, this adversary proceeding will be dismissed for forum non conveniens.

///End of Memorandum Decision///

MEMORANDUM DECISION ON BELBADI ENTERPRISES,
LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FORUM NON CONVENIENS - 42

Case 20-04077-MJH    Doc 90    Filed 07/28/21    Ent. 07/28/21 16:19:01    Pg. 42 of 42